IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DIVISION

DAVID SANDERS                                                                    PLAINTIFF

v.                                                                No. 1:16CV212-GHD-RP

ITAWAMBA COUNTY, ET AL.                                                        DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of David Sanders, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that the defendants used excessive force against him on December 18, 2012. The defendants have moved [32] to dismiss this case, arguing that Mr. Sanders filed the instant suit after the applicable statute of limitations had expired. The plaintiff has responded to the motion and has filed several supplements to that response. The matter is ripe for resolution. For the reasons set forth below, the defendants' motion [32] to dismiss will be granted, and this case will be dismissed with prejudice as untimely filed.

### Factual Allegations

The sole remaining claim in this case is that, on December 18, 2012, defendant Greg Wilemon beat Mr. Sanders "for no reason," and that the remaining defendants were aware of Wilemon's propensity for violence towards inmates, but took no action to stop him. An exhibit to the defendants' motion [32] to dismiss shows the date of the incident to be December 18, 2012. Wilemon found a bag

of tobacco on Mr. Sanders' person, and Sanders was later prosecuted for possession of tobacco in a detention facility and pled guilty to the charge. He is currently pursuing federal *habeas corpus* relief in this court, seeking to overturn that conviction. The date of the offense giving rise to his *habeas corpus* petition is also December 18, 2012.[1] *Sanders v. Itawamba County, Mississippi*, 1:16CV142-GHD-RP (N.D. Miss.) (Doc. 23-1 at 3.

## Statute of Limitations

Mr. Sanders' allegations that Officer Greg Wilemon used excessive force against him on December 18, 2012, are barred by the applicable statute of limitations. In an action filed under 42 U.S.C. § 1983, a federal court must borrow the forum state's general or residual personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249 (1989); *Gartrell v. Gaylor*, 981 F.2d 254 (5th Cir. 1993). In Mississippi, that statute is Miss. Code Ann. § 15-1-49, which allows a litigant only three years to file such an action, and the statute begins to run "at the moment the plaintiff becomes aware he has suffered an injury or has sufficient information to know he has been injured." *Russel v. Board of Trustees of Firemen, etc.*, 968 F.2d 489 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 1266 (1993) (citations omitted). Certainly, Mr. Sanders became aware that he was injured at the moment he was allegedly beaten. Thus, the three-year limitations period began to run on December 18, 2012, and expired on December 18, 2015. Mr. Sanders filed the instant case on August 5, 2016, over seven months after the limitations period expired. Most of Mr. Sanders' arguments in response to the motion to dismiss do not address the statute of limitations; they focus, instead, on the validity of his conviction for possession of tobacco in a detention facility.

---

[1] The court may take judicial notice of prior proceedings involving the petitioner, both state and federal. *Moore v. Estelle*, 526 F.2d 690, 694 (5th Cir. 1976).

Mr. Sanders' basic argument against application of the limitations period is that "[t]he Truth is never time barred." Doc. 34 at 1. This argument does not, however, overcome a valid statute of limitations defense. As such, the instant motion [32] to dismiss must be granted.

## Conclusion

For the reasons set forth above, the motion [32] by the defendants to dismiss this case will be granted, and this case will be dismissed as untimely filed. A final judgment consistent with this memorandum opinion will issue today.

SO ORDERED, this, the 25th day of October, 2017.

/s/ Glen H. Davidson
SENIOR JUDGE